UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED
2008 JUL 31 AM 11: 13
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA, | Magistrate Case No. |
| Plaintiff, | '08 MJ 2 3 4 9 |
| | COMPLAINT FOR VIOLATION OF: |
| v. | Title 8 U.S.C., Sec. 1324 (a)(1)(A)(ii) |
| 1.) Ivan SUMANO-Mascareno<br>2.) Richard CASTILLO | Transportation of Illegal Aliens |
| Defendant(s) | |

The undersigned complainant, being duly sworn, states:

On or about **July 29, 2008**, within the Southern District of California, defendants **Ivan SUMANO-Mascareno** and **Richard CASTILLO** with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Jesus ZIGA-Hernandez, and Esteven COLIMA Lambaren,** had come to, entered and remained in the United States in violation of law, did transport and move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **31st** DAY OF **JULY, 2008**

_____
Jan M. Adler
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
1.) Ivan SUMANO-Mascareno
2.) Richard CASTILLO

## PROBABLE CAUSE STATEMENT

Furthermore, the complainant states that **Jesus ZIGA-Hernandez, and Esteven COLIMA Lambaren,** are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On July 29, 2008, San Clemente Station and North County Smuggling Interdiction Group Agents were working anti-smuggling operations along the Interstate 5 freeway in the San Clemente area of operations. Agent K. Martinez was assisting Agent M. Gonzalez and Agent C. Tobin on a vehicle stop one mile north of the Interstate 5 Border Patrol Checkpoint. At approximately 6:30 p.m., Agent Tobin observed a white SUV south of their position stop abruptly and pull to the side of the road. Agents Martinez and Gonzalez noticed the white SUV and saw it pull back into traffic. The white Lincoln Navigator then passed Agent Martinez and Gonzalez's position and Agent Gonzalez noticed two backseat passengers quickly ducked down as they passed the marked sedan, as to avoid detection. Agents Gonzalez and Martinez followed the vehicle to further investigate.

Agent Martinez then noticed two silhouettes sit upright from the backseat. Agent Martinez notified San Clemente dispatch and advised them that he was going to initiate a vehicle stop on Interstate 5 near Cristianitos Ave. Agent Martinez activated his emergency lights and sirens. Agent Martinez noticed the driver look into his side view mirror and accelerate from lane two into lane one and failed to yield.

At approximately 6:40 p.m. Agent Gonzalez took control of the radio communications. Agent Gonzalez notified San Clemente dispatch that the vehicle failed to yield to Agent Martinez's marked sedan's emergency equipment activation. During the pursuit, Agent Martinez noticed the occupants turn around and wave at him and continued northbound without regard to Agent Martinez's emergency equipment. At approximately 6:43 p.m. Agent Gonzalez notified San Clemente dispatch that Agent Martinez was going to terminate pursuit and he (Agent Gonzalez) would take over surveillance in his unmarked service vehicle while other NCSIG Agents could get into position.

Agent Martinez advised other SIG agents of the location and direction of travel of the vehicle. Agent Martinez advised SIG agents that the vehicle was traveling northbound I-5 when the vehicle abruptly switched from lane one to lane four to take the Tustin Ave exit. Agent Gonzalez exited and maintained visual of the Lincoln Navigator advising other SIG agents the direction of travel. The Navigator exited I-5 and tried to flee on surface streets disregarding multiple red signal lights in Santa Ana, California. Then the Navigator made a sharp right at a high rate of speed onto N. Lyon St. causing the vehicle to jump the curb and ride on the sidewalk on N. Lyon St. sideswiping parked vehicles. The Navigator then got back onto N. Lyon St and with two flattened tires on his driver side. The Navigator attempted to continue traveling at a high rate of speed before coming to a stop.

**CONTINUATION OF COMPLAINT:**
1.) Ivan SUMANO-Mascareno
2.) Richard CASTILLO

Agent Martinez arrived on scene and noticed the occupants of the vehicle bailing out of the Navigator. Agent Martinez ran up to the vehicle, identified himself as a Border Patrol Agent, and ordered them to stop. The subjects did not comply and Agent Martinez was able to apprehend one subject, later identified as material witness **Esteven COLIMA-Lambarem**, while another subject, later identified as defendant **Richard CASTILLO**, forcibly ripped away from Agent Martinez's grip. Agent Martinez secured COLIMA and notified the other Agents to the location of the vehicle and the direction the other subjects fled. Santa Ana police officers arrived on scene to assist.

Agent K. Martinez gave a description of the driver to other Agents and Santa Ana police officers. Agent H. Martinez observed an individual matching the description, enter a residential property. H. Martinez made contact with the owner of the house and identified himself as a Border Patrol Agent. Agent H. Martinez asked the owner if a man entered his house. The owner stated that a man had broken into his house and ran into the kitchen. Agent H. Martinez asked for consent to enter the home and was given permission to enter in order to search for the suspect. Agent H. Martinez entered the house and saw an individual matching the description of the fleeing driver, later identified as defendant, **Ivan SUMANO-Mascareno**, in the kitchen. Agent H. Martinez identified himself as a Border Patrol Agent and asked SUMANO why he entered the house. SUMANO stated that he was trying to avoid apprehension from the Border Patrol. Agent H. Martinez asked SUMANO to state his citizenship. SUMANO freely stated that he was a citizen of Mexico without legal documents that would allow him to enter or stay in the United States legally. At approximately 7:40 p.m. Agent H. Martinez placed SUMANO under arrest..

A few minutes later Santa Ana police officers B. Mueller and E. Mendoza contacted their corporal and stated that they had another individual in custody that was involved with the Navigator. Officers Mueller and Mendoza transported the subject, later identified as material witness, **Jesus ZIGA-Hernandez**. Agent H. Martinez interviewed ZIGA and he stated that he was one of the passengers traveling in the white Navigator. Agent Martinez asked ZIGA to state his citizenship. ZIGA stated that he was a citizenship of Mexico without the proper documents to enter or remain in the United States legally.

A short time after ZIGA's apprehension, Corporal M. Stuhl contacted officers at the scene and notified them of another subject who fit the description that Agent K. Martinez and the other occupants of the Navigator gave. Agent Martinez responded to a motel located at 1515 E. 1st Street. Agent Martinez made contact with a subject later identified as Richard CASTILLO and verified he was the passenger of the white Navigator. CASTILLO stated to Agent Martinez that he was not involved with the Navigator. Agent Martinez asked CASTILLO why he was sitting around the area. CASTILLO stated that he was waiting for his girlfriend. CASTILLO also stated that he was staying in room 108. Agent Martinez made contact with the motel manager to confirm CASTILLO's story. The motel manager stated that no one was registered to that room. After this information was discovered Agent Martinez informed CASTILLO that there was nobody assigned to the room. CASTILLO then admitted to being a passenger of the Navigator. CASTILLO was turned over to Border Patrol custody at approximately 7:57 pm and placed under arrest. Agent Martinez asked CASTILLO to state his citizenship. CASTILLO stated he is a United States citizen.

CONTINUATION OF COMPLAINT:
1.) Ivan SUMANO-Mascareno
2.) Richard CASTILLO

### DEFENDANT STATEMENT ( Ivan SUMANO-Mascareno ) :

Defendant, **Ivan SUMANO-Mascareno**, was advised of his Miranda rights. He stated he understood his rights and was willing to answer questions without the presence of a lawyer. SUMANO admitted to being a citizen and national of Mexico, without immigration documents that would allow him to remain in the United States legally.

SUMANO was asked about who offered him the smuggling work. SUMANO stated that he met a person by the name of "Jose" at his place of employment. Sumano stated that he works as a welder a t a muffler shop. This is where he got Jose's phone number. SUMANO stated that "Jose" showed up at a gasoline station (AM/PM) in a green Toyota Corolla and filled the gas tank and paid for sodas for the smuggled aliens. SUMANO stated that "Jose" told him not to stop if the Border Patrol attempted to stop him because the Border Patrol would not continue to follow. SUMANO was instructed to take the smuggled aliens to El Toro Road where "Jose" was going to take the smuggled aliens from him. At that point, SUMANO was going to be paid $200 US for each smuggled alien. Since he had four smuggled aliens in his vehicle, he was going to be paid $800 US total.

SUMANO stated that he knew the Border Patrol was attempting to stop him. SUMANO stated that he knew the aliens he had in his vehicle were in the United States illegally and that transporting them was illegal.

### DEFENDANTS STATEMENT : (Richard CASTILLO)

Defendant **Richard Castillo** was advised of his Miranda rights. He stated he understood his rights and was willing to answer question without the presence of a lawyer. Castillo stated that he is a citizen of the United States.

Castillo was asked about today's events, Castillo admitted to being the front seat passenger. Castillo stated he was showing the driver the way north. Castillo was asked why he ran from the car and he stated he knew he was up to no good. Castillo stated that the car he was in had side swiped three parked vehicles, while fleeing. Castillo stated he was to receive some money today but no amount had been discussed.

Castillo was asked of his prior arrest by the Border Patrol in Brownfield. Castillo admitted to being arrested and knowing that the people being smuggled were illegally present in the United States.

**CONTINUATION OF COMPLAINT:**
1.) Ivan SUMANO-Mascareno
2.) Richard CASTILLO

## MATERIAL WITNESSES STATEMENTS:

Material witnesses **Jesus ZIGA-Hernandez and Esteven COLIMA-Lambaren** agree in summary that they are citizens and nationals of Mexico illegally present in the United States. They admit to entering the United States illegally. The material witness **COLIMA** stated his friend made arrangements for him and he was unsure as to the amount but thought it was going to be around $1.700.00 U.S. dollars. Material witness **ZIGA** stated that a friend made smuggling arrangements for him and he did not know the amount that was to be paid.

Material witnesses **Jesus ZIGA-Hernandez and Esteven COLIMA-Lambaren** were shown a photographic line up and were able to identify **Ivan SUMANO-Mascareno** as the driver and **Richard CASTILLO** as the passenger.